OPINION
Petitioner-appellant Mark McElfresh appeals the December 8, 1998 Memorandum of Decision and Judgment Entry of the Licking County Court of Common Pleas denying his Petition to Vacate and Set Aside Sentence after an evidentiary hearing. Respondent-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On February 11, 1994, the Licking County Grand Jury indicted appellant on two counts of rape, in violation of R.C. 2907.02, and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), with specifications for prior offenses of violence. The matter proceeded to trial by jury. After hearing all the evidence and deliberations, the jury found appellant guilty of Count One of the Indictment (rape). Counts two and three were dismissed. The trial court sentenced appellant to a minimum term of twelve years, being actual incarceration by reason of the specification, and up to a maximum term of fifteen years. Appellant filed a timely notice of appeal. This Court affirmed appellant's conviction in State v. McElfresh (Mar. 16, 1995), Licking App. No. 94CA44, unreported. On September 18, 1996, appellant filed a Petition to Vacate and Set Aside Sentence pursuant to R.C. 2953.21. In his petition, appellant claimed he was denied effective assistance of trial counsel because trial counsel 1) failed to consult and subpoena a rebuttal expert witness; 2) failed to effectively cross-exam the State's expert witness; 3) failed to call favorable defense witnesses; 4) failed to utilize discovery and investigation materials to impeach or otherwise discredit the State's witnesses; and 5) failed to request a voir dire of the jury. Via Memorandum of Decision dated November 26, 1996, the trial court denied appellant's petition without hearing on res judicata grounds. The trial court filed an Entry with findings of fact and conclusions of law on February 7, 1997, which was reentered on the record via Judgment Entry dated March 13, 1997, as neither appellant nor appellant's counsel were notified of the February 7, 1997 Entry. Appellant filed a timely notice of appeal of the March 13, 1997 Judgment Entry. Via Opinion and Judgment Entry dated December 18, 1997, this Court affirmed in part and reversed in part the trial court's denial of appellant's petition. State v. McElfresh (Dec. 18, 1997), Licking App. No. 97CA25, unreported. This Court found the trial court should not have summarily dismissed, as res judicata, appellant's petition on the issue of whether the State's expert was properly and effectively cross-examined. We noted a hearing was not necessarily mandated and we remanded the case to the trial court to review the record and appellant's affidavits to determine if a substantive issue was raised which would require a hearing. Upon remand, the trial court determined an evidentiary hearing was required because "the evidentiary materials submitted by [appellant] may raise substantive issues supporting [appellant's] claim for ineffective assistance of counsel." July 1, 1998 Judgment Entry at 2. The trial court conducted the evidentiary hearing on November 3, 1998. At the hearing, appellant presented the testimony of Dr. Jolie S. Brams, a clinical psychologist, who provides forensic psychology expertise in legal matters. Dr. Brams testified appellant's trial counsel should have presented scientific evidence regarding the following issues: [T]he appropriate roles of mental health professionals in child sexual abuse cases; developmental issues in investigations with children; children's memory and the issue of suggestibility; the appropriate structure of interviews and investigations; child interview techniques in specific; the use of the props in investigations and evaluations; the power and influence of authority figures in the investigatory process; and the validity of specific evaluation techniques in addition to clinical interviews and other related investigatory procedures.
Affidavit of Jolie S. Brams, Ph.D. at p. 9.
Via Memorandum of Decision and Judgment Entry dated December 8, 1998, the trial court denied appellant's Petition to Vacate and Set Aside Sentence. The trial court found much of the material identified by Dr. Brams relative to the aforementioned issues was not only irrelevant to petitioner's defense, but also inadmissible as outside the scope of cross-examination and/or under the rules of evidence. The trial court further found much of Dr. Brams' testimony, both at the hearing and in her affidavit, to be overreaching and improper. It is from the trial court's December 8, 1998 Memorandum of Decision and Judgment Entry appellant prosecutes this appeal, raising the following assignments of error:
I. THE TRIAL COURT ERRED IN HOLDING THAT APPELLANT HAD THE EFFECTIVE ASSISTANCE OF COUNSEL.
II. THE TRIAL COURT ERRED IN HOLDING THAT APPELLANT COULD NOT CONFRONT THE EVIDENCE AGAINST HIM BY CROSS-EXAMINATION OF THE STATE'S EXPERT OR BY THE PRESENTATION OF EXPERT TESTIMONY.
Any other facts relevant to our discussion of appellant's assignments of error shall be contained therein.
 I
In his first assignment of error, appellant maintains the trial court erred in finding he had effective assistance of trial counsel. A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995),72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell, supra. The United States Supreme Court and the Ohio Supreme Court have held that a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 143, quoting Strickland v. Washington, supra, at 697. Accordingly, we will focus our analysis on the second prong of the Strickland test. Appellant alleges two omissions by Attorney Carl McCoy, his trial counsel, which he maintains rise to level of ineffective assistance, resulting in a violation of his due process rights. First, appellant asserts Attorney McCoy failed to properly cross-examine Dr. Wendy Schaff, the State's expert witness. Next, appellant submits trial counsel failed to consult and subpoena a rebuttal expert witness. Appellant argues Dr. Brams' affidavit and her testimony at the evidentiary hearing "established the inadequacy of defense counsel's cross-examination" of Dr. Schaff and established "defense counsel was ineffective for overlooking evidence pertinent to a crucial issue in a child sexual abuse case." Merit Brief of Appellant at 4 and 5. Turning to the first alleged omission, appellant claims because defense counsel did not properly cross-examine Dr. Schaff, the cross-examination served to reinforce the State's case and destroyed appellant's defense. We find such claim is barred by the doctrine of res judicata. Because the evidence necessary to establish this claim is not beyond the original trial court record, appellant could have raised this issue on direct appeal. Next, appellant claims counsel was ineffective for failing to consult and subpoena a rebuttal expert witness. As set forth in our Statement of the Facts and Case, supra, Dr. Brams testified regarding numerous issues Attorney McCoy should have presented on appellant's behalf, including the appropriate roles of mental health professionals in child sexual abuse cases; developmental issues in investigations with children; and other evidence relative to the interview and investigation procedures in child sex abuse cases. We find the issue of what defense counsel could have or should have raised on cross-examination was properly raised to the trial court in appellant's petition for post conviction relief. We must determine whether the evidence presented by appellant at the evidentiary hearing established a reasonable probability the outcome of his trial would have been different if Attorney McCoy cross-examined Dr. Schaff in more detail about her interview and evaluation of the victim, and introduced rebuttal expert testimony regarding how a psychologist could suggestively influence a child during such an interview. At trial, the victim testified regarding the sexual abuse appellant inflicted upon her. Dr. Schaff's testified about the information the victim related to her during her interview and evaluation. Because this information is more than sufficient to support a conviction, we find appellant is unable to show there is a reasonable probability the outcome of his trial would have been different if not for defense counsel's omissions. Appellant is unable to satisfy the second prong of the Strickland test. Accordingly, we find the trial court did not err in finding appellant had effective assistance of counsel. Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends the trial court erred in failing to allow him to confront the evidence against him through additional cross-examination of the State's expert witness or through the presentation of expert testimony. Herein, appellant takes issue with the trial court's finding much of the evidence offered by Dr. Brams regarding the evaluation and investigation of child sexual abuse cases was inadmissible either as irrelevant to appellant's case or outside the scope of the State's direct examination. In support of his position, appellant relies on State v. Gersin (1996), 76 Ohio St.3d 491, in which the Ohio Supreme Court held "a defendant in a child sexual abuse case may present testimony as to the proper protocol for interviewing child victims regarding their abuse." Id. at 493. The Supreme Court found "a defendant not only should be able to cross-examine prosecution witnesses regarding how they obtained their information, but also should have the chance to present expert testimony as to how such information is ideally obtained." Id. at 494-495. Pursuant to the holding in Gersin, supra, while we find Dr. Brams' testimony relative to the investigation and evaluation of child sexual abuse cases to be relevant and generally admissible herein, we find the Gersin holding does not automatically render all of her testimony admissible. The Rules of Evidence still apply. Appellant has failed to identify for us where in the record the alleged errors (of exclusion of evidence) occurred. App. R. 12(A)(2) provides: The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment or error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A).
In the absence of a specific proffer and in the failure of appellant to make a specific reference to the record, we are unable to determine whether error occurred. Accordingly, we shall disregard appellant's second assignment of error pursuant to App. R. 12(A)(2). A party's generalized statement asserting an alleged error in the trial court's proceeding without a specific reference to the record is not sufficient to warrant appellate review of the assignment of error. Appellant's second assignment of error is overruled.
The judgment of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, P.J. Farmer, J. and Edwards, J. concur